Case 4:21-cr-10009-JEM   Document 3   Entered on FLSD Docket 07/21/2021   Page 1 of 14

FILED by KS D.C.

Jul 20, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**21-10009-CR-ALTMAN/REID**

CASE NO. _____

8 U.S.C. § 1324
18 U.S.C. § 1956(h)

UNITED STATES OF AMERICA

v.

OLEG OLIYNYK, and
OLEKSANDR YURCHYK,

        Defendants.

_____

## INDICTMENT

The Grand Jury charges that:

At all times relevant to this Indictment or as otherwise indicated herein:

1. Defendant **OLEG OLIYNYK** was born in Ukraine and came to the United States on an exchange visitor non-immigrant visa in June 2004. The defendant overstayed his visa and petitioned to adjust his immigration status in August 2004. Defendant **OLIYNYK** received authorization to work in the United States in November 2004. The defendant resided in Florida from approximately August 2004 until April 2013.

2. Defendant **OLEKSANDR YURCHYK** was born in Ukraine and came to the United States on an exchange visitor non-immigrant visa in May 2007. The defendant overstayed his visa and petitioned to adjust his immigration status in May 2011. Defendant **YURCHYK** received authorization to work in the United States in July 2011. The defendant resided in Florida from approximately October 2007 until March 2016.

3.  M.C. was born in Ukraine and came to the United States on a temporary non-immigrant work visa in November 2007. He overstayed his visa and petitioned to adjust his immigration status in September 2010. M.C. received authorization to work in the United States in October 2010, became a permanent resident of the United States in December 2010, and resided in Florida since that time.

4.  O.M. was born in Ukraine and came to the United States on an exchange visitor non-immigrant visa in July 2006. He overstayed his visa and later petitioned to adjust his immigration status in January 2011. O.M. received authorization to work in the United States in January 2011, became a permanent resident of the United States in April 2011, and resided in Florida since that time.

5.  V.O. was born in Ukraine and came to the United States on an immigrant work visa in February 2012. He became a naturalized U.S. citizen in April 2019. V.O. resided in Florida from approximately February 2012 until October 2020.

## SUMMARY AND EXAMPLE OF THE SCHEME

6.  From August 2007 through the date of this indictment, defendants **OLIYNYK**, **YURCHYK** (collectively, "the Defendants"), M.C., O.M., V.O., and others facilitated the employment in the hospitality industry of non-resident aliens who were not authorized to work in the United States. The Defendants, M.C., O.M., and V.O. nominally employed and paid these non-resident aliens, and, in doing so, they provided cover for hotels, bars, and restaurants to disclaim responsibility for the employment of the illegal workers.

7.  For example, the Defendants, M.C., O.M., and V.O. agreed to provide labor staffing services to Corporation A, a for-profit corporation registered with the State of Florida, that owned and operated at least three separate restaurants on Key West, Florida.

a.  On April 30, 2018, a Key West accounting firm emailed the weekly payroll for Restaurant 1 to Paradise Choice LLC, one of the Defendants' labor staffing companies.

**Restaurant 1** - Contract Labor
Paradise Choice LLC
paradisechoicellc@yahoo.com
Fax: ▮▮▮▮▮
Date: 5-4-18

| | Hours | Rate | Pay Advance | Net Pay | |
|---|---|---|---|---|---|
| ▮▮▮ | | $ 14.25 | | | |
| ▮▮ | 19.58 | $ 19.50 | | $ 381.90 | |
| ▮▮▮ | 9.75 | $ 19.50 | | $ 190.05 | RAISE |
| ▮ | 14.69 | $ 15.50 | | $ 227.64 | |
| ▮▮▮ | 12.51 | $ 22.00 | | $ 275.23 | |
| ▮▮▮ | 21.39 | $ 15.50 | | $ 331.56 | |
| ▮▮▮ | 14.65 | $ 22.00 | | $ 322.32 | |
| ▮▮▮ | 32.93 | $ 19.50 | | $ 642.15 | |
| ▮▮ | | $ 18.25 | | | |
| ▮▮▮▮ | 65.49 | $ 24.00 | | $ 1,571.76 | |
| Non-Resident Alien 1 | 31.14 | $ 19.50 | | $ 607.20 | |
| ▮▮ | | $ 21.50 | | | |
| ▮ | | $ 18.25 | | | |
| ▮▮ | 38.35 | $ 15.50 | | $ 594.36 | RAISE |
| | 260.47 | | | $ 5,144.17 | |

    $ 5,144.17  Total employee pay
+ $    260.47  Contract labor fee
= $ 5,404.64  Total Contractor check

Restaurant 1 provided the Defendants with the total hours worked and hourly rate for 14 workers, including Non-Resident Alien 1. The restaurant also calculated the Defendants' total fee for that pay period ($1.00 per hour worked).

b.   On April 30, 2018, Restaurant 1 issued Check No. 16411 to Paradise Choice LLC in the amount of $5,404.64, noting in the memo line the date range of April 23, 2018 through April 29, 2018.

c.   On May 4, 2018, Paradise Choice LLC issued Check No. 31079 in the amount of $607.07 to Non-Resident Alien 1 for the work she had performed for Restaurant 1.

d.   Non-Resident Alien 1 was unlawfully present in the United States and did not have authority to work in the United States during the entire time she worked at Restaurant 1 through the Defendants' labor staffing companies. The Defendants did not require Non-Resident Alien 1 to provide any proof of her eligibility to work in the United States.

### THE DEFENDANTS' LABOR STAFFING COMPANIES

8.   Between August 2007 and the date of this indictment, the Defendants, M.C., O.M., and V.O. owned and operated several labor staffing companies, through which the Defendants and others provided workers to hotels, bars, and restaurants operating in the Southern District of Florida.

9.   General Labor Solutions, LLC ("GLS") was a labor staffing company registered as a Florida limited liability company in August 2007. GLS remained registered with the State of Florida through at least October 2011.

10.   Liberty Specialty Service, LLC ("LSS") was a labor staffing company registered as a Florida limited liability company in February 2009. LSS remained registered with the State of Florida through at least July 2017.

11. Paradise Choice LLC was a labor staffing company registered as a Florida limited liability company in March 2016, and it remained registered with the State of Florida through at least September 2017. Paradise Choice Cleaning, LLC was a labor staffing company registered as a Florida limited liability company in July 2016, and it remained registered with the State of Florida through at least April 2019. In practice, the Defendants operated both companies under the name "Paradise Choice."

12. Tropical City Services, LLC was a labor staffing company registered as a Florida limited liability company in November 2017, and it remained registered with the State of Florida through the date of this indictment. Tropical City Group, LLC was a labor staffing company registered as a Florida limited liability company in September 2019, and it remained registered with the State of Florida through the date of this indictment. In practice, the Defendants operated both companies under the name "Tropical City."

13. In practice, the Defendants operated GLS, LSS, Paradise Choice, and Tropical City as iterations of a single commercial entity engaged in the business of labor staffing. Unless otherwise specified, GLS, LSS, Paradise Choice, and Tropical City are referred to collectively as "the Defendants' labor staffing companies."

## LEAVING THE UNITED STATES

14. On or about April 16, 2013, after learning that he was under criminal investigation, defendant **OLIYNYK** left the United States and returned to Ukraine, a country that has no extradition treaty with the United States. Since leaving, he has remained outside the United States.

15. In or about May 2016, after learning that he was under criminal investigation, defendant **YURCHYK** left the United States and returned to Ukraine. Since leaving, he has remained outside the United States.

5

16. After leaving the United States, defendants **OLIYNYK** and **YURCHYK** continued to exercise control over the Defendants' labor staffing companies.

17. On or about October 28, 2020, after learning that he was under criminal investigation, V.O. left the United States and returned to Ukraine. Since leaving, he has remained outside the United States.

## COUNT ONE
Conspiracy to Harbor Aliens and Induce them to Remain
(8 U.S.C. § 1324(a)(iii), (iv), and (v)(I))

18. The allegations in paragraphs 1 through 17, are realleged and incorporated by reference as though fully set forth herein.

19. United States Citizenship and Immigration Services (USCIS) was a United States governmental agency whose primary responsibility was to enforce the nation's immigration laws.

20. Section 274A of the Immigration and Nationality Act, as amended by the Immigration Reform and Control Act of 1986, required employers to hire only United States citizens and aliens who were authorized to work in the United States.

21. The USCIS Form I-9, Employment Eligibility Verification (USCIS Form I-9), required that an employee attest to his or her employment authorization. In conjunction with the USCIS Form I-9, the employee needed to present to the employer documents evidencing identity and employment authorization. The employer was required to examine the employment eligibility and identity documents to determine whether the documents reasonably appeared to be genuine and related to the employee. The employer had to record employee identity information on the USCIS Form I-9 and maintain those records onsite.

22. Beginning in August 2007 and continuing through the date of this Indictment, within the Southern District of Florida and elsewhere, the Defendants,

**OLEG OLIYNYK, and**
**OLEKSANDR YURCHYK,**

M.C., O.M., V.O., and others, both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree with each other to commit the following offenses:

    a.    to encourage and induce aliens to come to, enter, or reside in the United States knowing or in reckless disregard of the fact that such coming to, entry, or residence in the United States was or would be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); and

    b.    to conceal, harbor, and shield from detection and attempt to conceal, harbor, and shield aliens from detection knowing or in reckless disregard of the fact that such aliens had come to, entered, or remained in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

The Defendants encouraged and induced aliens to come to, enter, or reside in the United States, and concealed, harbored, and shielded aliens from detection, by failing to verify alien workers' employment eligibility, and by providing said aliens with a means of financial support through employment in the Southern District of Florida.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

**COUNT TWO**
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

23.    The allegations in paragraphs 1 through 17 and 19 through 22 are realleged and incorporated by reference as though fully set forth herein.

24.    Beginning in August 2007 and continuing through the date of this Indictment, within the Southern District of Florida and elsewhere, the Defendants,

7

**OLEG OLIYNYK, and**
**OLEKSANDR YURCHYK,**

M.C., O.M., V.O., and others, both known and unknown to the Grand Jury, did knowingly and voluntarily combine, conspire, confederate and agree to commit the following offenses:

a. to knowingly engage in monetary transactions by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property being derived from specified unlawful activity, that is, harboring aliens and inducing them to remain in the United States, in violation of Title 8, United States Code, Section 1324, knowing that the property involved in the monetary transaction was derived from some form of unlawful activity, in violation of Title 18, United States Code, Section 1957(a); and

b. to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and involving the proceeds of a specified unlawful activity, that is, harboring aliens and inducing them to remain in the United States, in violation of Title 8, United States Code, Section 1324, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Purpose and Object of the Conspiracy

25. It was the purpose and object of the conspiracy for the Defendants and others to unlawfully enrich themselves by using the proceeds generated from facilitating the unlawful employment of alien workers through the Defendants' labor staffing companies.

### Manner and Means of the Conspiracy

26. The Defendants issued checks and made wire transfers in amounts greater than $10,000 from bank accounts held in the names of the Defendants' labor staffing companies knowing that the funds involved in these monetary transactions were derived from brokering the illegal employment of alien workers.

27. The Defendants withdrew and caused the withdrawal of proceeds from bank accounts held in the names of the Defendants' labor staffing companies to conceal payments to themselves and others of the profits from brokering the illegal employment of alien workers.

All in violation of Title 18, United States Code, Section 1956(h).

### FORFEITURE ALLEGATION

28. The allegations of this Indictment are hereby realleged and by this reference full incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants,

**OLEG OLIYNYK, and**
**OLEKSANDR YURCHYK,**

have an interest.

29. Upon conviction of a violation of Title 8, United States Code, Section 1324, as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6):

    a. any conveyance, including any vessel, vehicle, or aircraft, used in the commission of such offense;

    b. any property, real or personal, that constitutes, or is derived from, or is traceable to any proceeds obtained, directly or indirectly, from the commission of such offense; and

  c. any property, real or personal, that was used to facilitate, or intended to be used to facilitate, the commission of such offense.

  30. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

  31. If any of the property described above, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute

property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(1) and (6), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
Foreperson

DAVID A HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

_____
Sean Beaty, Attorney No. A5501870
Jessica A. Kraft, Attorney No. A5502644
Trial Attorneys
U.S. Department of Justice, Tax Division
Christopher Clark, Florida Bar No. 0588040
Assistant United States Attorney

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

Oleg Oliynyk, et al.

Defendants/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- [ ] Miami
- [✓] Key West
- [ ] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)  [ ] Yes  [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect **Ukrainian**
4. This case will take **10** days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days     [ ]
   - II   6 to 10 days    [✓]
   - III  11 to 20 days   [ ]
   - IV   21 to 60 days   [ ]
   - V    61 days and over [ ]

   (Check only one)
   - Petty       [ ]
   - Minor       [ ]
   - Misdemeanor [ ]
   - Felony      [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
Sean Beaty
DOJ Trial Attorney
Court ID No.   A5501870

*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: OLEG OLIYNYK**

**Case No:** _____

Count #: 1

Conspiracy to Harbor Aliens and Induce them to Remain

Title 8, United States Code, Section 1324(a)(1)(A)(v)(I);

**\*Max. Penalty:** Ten (10) Years Imprisonment; Max Fine: $250,000 or twice the greater of the gross gain or loss; Max. Supervised Release Term Three (3) years; Forfeiture of Assets

Count #: 2

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** Twenty (20) years Imprisonment; Max Fine: $250,000 or twice the greater of the gross gain or loss; Max. Supervised Release Term; Three (3) years; Forfeiture of Assets

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: OLEKSANDR YURCHYK**

Case No: _____

Count #: 1

Conspiracy to Harbor Aliens and Induce them to Remain

Title 8, United States Code, Section 1324(a)(1)(A)(v)(I); Max Fine: $250,000 or twice the greater of the gross gain or loss; Max. Supervised Release Term Three (3) years; Forfeiture of Assets

**\*Max. Penalty:** Ten (10) Years Imprisonment

Count #: 2

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** Twenty (20) years Imprisonment; Max Fine: $250,000 or twice the greater of the gross gain or loss; Max. Supervised Release Term: Three (3) years; Forfeiture of Assets

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**